IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CV-88-FL

| | |
|---|---|
| MICHELLE MCRAE, Administrator for the Estate of Kevin Dijon Grissett, <br><br> Plaintiff, <br><br> v. <br><br> THE TOWN OF HOPE MILLS, et al. <br><br> Defendants. | **ORDER ON BILL OF COSTS** |

This matter is before the clerk on the motion for bill of costs [DE-170] filed by defendants the Town of Hope Mills, Joel Acciardo, and Jacob Pfeffer. In response, plaintiff filed a Motion for Disallowance of Costs [DE-172]. For the reasons set forth below, the motion for bill of costs [DE-160] is granted in part and the motion for disallowance [DE-172] is denied.

**BACKGROUND**

Plaintiff initiated this action by filing a complaint in state court. Defendants removed the action to this court on February 24, 2016 [DE-1]. On April 8, 2016, plaintiff filed a stipulation of dismissal with prejudice regarding claims against defendants Acciardo and Pfeffer in their official capacity and claims for punitive damages against defendant Town of Hope Mills [DE-22]. On March 30, 2018, the court granted defendants' motions for summary judgment in part, and dismissed the claims against defendants Acciardo and Town of Hope Mills [DE-79]. Certain claims against defendant Pfeffer proceeded to a trial before a jury, and on February 28, 2019, the jury returned a verdict in favor of defendant Pfeffer [DE-165]. Judgment was entered in favor of defendants on March 1, 2019 [DE-167]. Defendants timely filed the motion for bill of costs on

March 15, 2019 [DE-170]. In response, Plaintiff filed the motion for disallowance of costs [DE-172].

## DISCUSSION

Defendants seek costs under Rule 54(d)(1) as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1 "further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014). In this case, defendants seek recovery of $4,710.95 in costs from plaintiff.

Plaintiff opposes the bill of costs in its entirety on equitable grounds, arguing that costs should be denied because of defendants' misconduct, her inability to pay costs, the difficulty of the case, and the potential chilling effect to civil rights plaintiffs. These equitable concerns go beyond the clerks' authority in ruling on a motion for bill of costs. See Taniguchi v. Kan Pacific Saipan, Ltd., __ U.S. __, 132 S. Ct. 1997, 2006 (2012) (describing the taxation of costs by the clerk as a "clerical matter"). Plaintiff may raise these equitable arguments in a motion for the court to review the taxation of costs pursuant to Fed. R. Civ. P. 54(c).

Regarding the specific costs, defendants seek $2,135.97 for transcript costs, $251.50 in copying costs, and $2,323.48 in costs for witnesses. Plaintiff raises specific objections to each category of claimed costs.

As to the transcript costs, fees for printed or electronically recorded transcripts necessarily obtained for use in the case may be taxed as costs. 28 U.S.C. § 1920(2). Defendants submit invoices for the transcript of the January 7, 2019 Daubert hearing and the deposition transcripts of defendant Pfeffer, defendant Acciardo, witness Anthony Day, and plaintiff's proffered expert witness Steven Howard. Plaintiff contends that because many of the deposition transcripts were not used at trial, the transcripts cannot be characterized as "necessarily obtained for use in the litigation." 28 U.S.C. § 1920(2). This argument is unavailing. "It is not necessary for depositions to be used in trial or dispositive motion for a party to recover those costs." Ray Commc'ns, Inc. v. Clear Channel Commc'ns, No. 2:08-CV-24-BO, 2011 WL 3207805, at *3 (E.D.N.C. July 26, 2011). Rather, in the Fourth Circuit the costs of a deposition transcript are generally recoverable "when the taking of a deposition is reasonably necessary at the time of its taking." LaVay Corp. v. Dominion Fed. Sav. & Loan Assoc., 830 F.2d 522, 528 (4th Cir. 1987). Here, the challenged transcripts were of depositions of parties to the case or witnesses who testified at trial, and many were attached as exhibits to either the motions for summary judgment or motions in limine. The clerk finds that each of the challenged deposition transcripts and the transcript of the Daubert hearing were necessary for use in the case.

Nevertheless, defendants' request for fees for the deposition transcripts include fees for exhibit copies and postage and handling. This court has construed 28 U.S.C. § 1920(2) and Local Civil Rule 54.1 as not encompassing these charges. See Dutton v. Wal-Mart Stores East, L.P., No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. § 1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."); Nwaebube v. Employ't Sec. Comm'n of N.C., No. 5:09-CV-395-F, 2012

3

WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (disallowing costs of exhibit copies). Accordingly, defendants are entitled to costs in the amount of $2,067.45[1] for transcripts pursuant to § 1920(2).

Defendants also seek $251.50 in exemplification and copy costs. "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(4). "The concept of necessity for use in the case connotes something more than convenience . . . ." Har–Tzion v. Waves Surf & Sport, Inc., No. 7:08–CV–137–D, 2011 WL 3421323, at *3 (E.D.N.C. Aug. 4, 2011) (quoting Cherry, 186 F.3d at 449). "Copying costs are allowable if used as court exhibits, or if furnished to the court or opposing counsel." PCS Phosphate Co., Inc. v. Norfolk S. Corp., No. 4:05–CV–55–D, 2008 WL 1901941, at *1 (E.D.N.C. Apr. 29, 2008) (citing Bd. of Dirs. Water's Edge v. Anden Group, 135 F.R.D. 129, 138-39 (E.D. Va. 1991)). However, the cost of copies made solely for the convenience of counsel is generally not taxable under 28 U.S.C. § 1920(4). Fells v. Virginia Dept. of Transp., 605 F. Supp. 2d 740, 743 (E.D. Va. 2009) (citing Thomas v. Treasury Mgmt. Ass'n. Inc., 158 F.R.D. 364, 372 (D. Md. 1994)). "The burden is on the party seeking recovery of photocopying costs to demonstrate the reasons for each copying charge." Kelley v. Int'l Bhd. of Teamsters, Local Union 71, No. 4:11–CV–1268–RBH, 2014 WL 1366038, at *3 (D.S.C. Apr. 7, 2014) (quoting Ford v. Zalco Realty, Inc., 708 F. Supp. 2d 558, 563 (E.D. Va. 2010)). In this case, defendants submitted no supporting documentation for these requested costs, and therefore have not met their burden of showing that the requested costs are taxable under § 1920(4). These costs are therefore disallowed.

---

[1] These costs include (1) $294.15 for the transcript of Pfeffer's deposition; (2) $94.35 for the transcript of Day's deposition; (3) $117.00 for the transcript of Acciardo's deposition, (4) $344.60 for the transcript of the first deposition of Steven Howard, (5) $892.50 for the transcript of the second deposition of Steven Howard, and (6) $324.85 for the transcript of the Daubert hearing .

Finally, defendants seek witness fees for witnesses John Combs and Ruth Winecker. Under § 1920(3), a court may tax "fees and disbursements for printing and witnesses." "The witness fee specified in § 1920(3) is defined in 28 U.S.C. § 1821." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 440 (1987). Section 1821(b) requires that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance." Additionally, Section 1821 provides for a mileage allowance based on the rate for official government travel in effect at the time the travel took place as set by the General Services Administration. See 28 U.S.C. § 1821(c)(1)(2). Here, defendants seek the statutory witness fee and mileage for the attendance of both Combs and Winecker at trial, which the clerk allows. Defendants also seek, however, costs for the consulting fee charged by Combs, who served as an expert witness, in the amount of $1,950.00. Such costs are not taxable under 1920(3) or § 1821 and are therefore disallowed. See Peterson v. Midgette, No. 2:12-CV-60-D, 2015 WL 7681257 at *4 (E.D.N.C. Nov. 25, 2015) (finding that a prevailing party was not entitled to recover the expert witness fees the party incurred, but only entitled to the statutorily mandated $40.00 per witness). Accordingly, defendant's request for witness fees is granted in part, and fees in the amount of $373.48 are taxed pursuant to 28 U.S.C. § 1920(3).

## CONCLUSION

In summary, defendants' motion for bill of costs [DE-167] is GRANTED in part and plaintiff's motion for disallowance [DE-170] is DENIED. As the prevailing parties in this action, defendants the Town of Hope Mills, Joel Acciardo, and Jacob Pfeffer are awarded (1) $2067.45 in costs pursuant to § 1920(2) and (2) $373.48 in costs pursuant to § 1920(3). Total costs in the amount of $2,440.93 are taxed against plaintiff and shall be included in the judgment.

SO ORDERED. This the 24 day of February, 2020.

Peter A. Moore, Jr.
Clerk of Court